## H. C. HOSKINS vs. J. A. HULING.

Appeal from Collin county.

*Damages—Pleading.*—To the appellee's action for damages for wilfully and maliciously shooting certain milch cows, the appellant pleaded in reconvention that the appellee wilfully and maliciously permitted his cows to break into his, appellant's premises and injure his crop. HELD, that if, as alleged, the appellant's fence was a lawful one, and appellee did wilfully and maliciously permit his cattle to break into and injure his crop, then the appellant was entitled to recover, not only actual, but exemplary damages; wherefore the court erred in sustaining exceptions to the appellant's plea in reconvention.

*Practice—Remittitur.*—The doctrine of remittitur to cure excessive judgment does not apply to actions for damages for torts where the damages are uncertain and within the discretion of the jury, but only where the measure of damages is matter of law.

*Same—Measure of Damages.*—As special actual damages in this case, the appellee was not entitled to more than the loss of his cows as milch cows, which was the market value of the milk lost; if of no market value, then its reasonable value to appellee with legal interest. As general actual damage he would be entitled to recover for loss which was the natural and proximate result of the injuiry to his cows, the measure of which is the difference between the value of the animals just before and after the injury. The evidence in this case is insufficient to show any certain damages.

*Same.—Lawful Fence* is one at least five feet high, and compact enough to prevent the passage of hogs. If appellant's fence was lawful, he was entitled to damage done his crop by appellee's stock, but was not justified in shooting them to prevent injury.

Reversed and remanded. Willson, J.